**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Criminal Case No: 1:05CR9

TIMOTHY TOPARDO,

        Defendant.

## OPINIONREPORT AND RECOMMENDATION/OPINION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Timothy Topardo, in person and by counsel, Pamela Folickman, appeared before me on May 6, 2005. The Government appeared by Zelda Wesley, Assistant United States Attorney.

Prior to proceeding with the Rule 11 Plea, because the plea agreement had been executed in 2003 approximately 2 years prior to the plea hearing and no prior appearance before a judicial officer of the Court occurred, the Court proceeded to advise Defendant of the nature of the charge in the one count information, the possible statutory sentence, his Constitutional Rights and all other matters under Rule 5.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the

written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Timothy Topardo, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated July 17, 2003, and signed by him on July 24, 2003, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of

Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, community confinement and supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; understood that any guideline sentence may be adversely impacted by certain prior felony convictions and particularly any prior violent felony conviction such as malicious assault; and further determined that Defendant was competent to proceed

with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his absolute waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Court then received the sworn testimony of Special Agent Rick Perry and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in the one-count Information. Special Agent Perry testified he is an agent with the Bureau of Alcohol, Tobacco, and Firearms. On May 19, 2003, the Mon Valley Drug Task force executed a Search Warrant at Defendant's residence. During execution of the warrant, a number of firearms were retrieved. Special Agent Perry was aware Defendant had prior convictions. His investigation indicated Defendant was convicted of malicious assault in Marion County, West Virginia in 1995. Further, Defendant's rights had not been restored. There was no certificate of pardon and Defendant had not applied for or received a certificate of pardon.

Special Agent Perry also testified that the firearms impacted interstate commerce. His investigation showed the ten firearms identified in the Information were manufactured outside the state of West Virginia and therefore had traveled in interstate commerce.

The defendant then testified he believed he was guilty of the crime charged in the one-count

Information because he possessed firearms he knew he was not supposed to have unless and until he officially had his rights restored, which had not occurred.

From the testimony of Special Agent Perry, the undersigned Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution.

Thereupon, Defendant, Timothy Topardo, with the consent of his counsel, Pamela Folickman, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in the one-count Information.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and

recommendation.  28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before this Court, the undersigned asked both parties if there was any objection to allowing Defendant to remain free on bond.  Neither party objected.  The Court therefore ORDERS Defendant be released on Conditions of Release entered contemporaneously herewith.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 6th day of May, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE